```
            DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
                                )   Crim. No. 2014-35
            v.                  )
                                )
VERNEL AUBREY WILLIAMS,         )
                                )
            Defendant.          )
                                )
```

**Appearances:**

**Ronald S. Sharpe, USA**
**Everard Potter, AUSA**
Office of the United States Attorney
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Omodare Jupiter, FPD**
**Kia Danielle Sears, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Vernel Aubrey Williams.*

## ORDER[1]

**GÓMEZ, J.**

Before the Court is the motion of Vernel Williams to dismiss the Indictment in the above captioned matter for violations of the Speedy Trial Act and the Sixth Amendment right to a speedy trial.

---

[1] The Court will issue a memorandum opinion outlining its reasons at a later date.

*United States v. Williams*
Crim. No. 2014-35
Order
Page 2

The Speedy Trial Act requires that a criminal defendant be tried "within seventy days of the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If trial does not occur within the 70-day limit, the Speedy Trial Act requires dismissal of the charges in the charging instrument. 18 U.S.C. § 3162(a)(1).

The 70-day limit is not immutable, however. Indeed, under the Speedy Trial Act, certain "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). For instance, the Speedy Trial Act excludes

> (1) Any period of delay resulting from other proceedings concerning the defendant, including . . .
>
> > (A) Delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> > . . .
> > (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> > . . .
> > (F) delay resulting from transportation of any defendant . . . to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date . . . an order directing such transportation, and the

*United States v. Williams*
Crim. No. 2014-35
Order
Page 3

> defendant's arrival at the destination shall be presumed to be unreasonable;
> . . .
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1). The Speedy Trial Act also excludes "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent." 18 U.S.C. § 3161(h)(4).

The Sixth Amendment guarantees that "in all criminal proceedings, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. A fact-specific, four-factor balancing test governs whether a defendant's Sixth Amendment speedy trial rights have been violated. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The premises considered, it is hereby

**ORDERED** that the motion to dismiss the indictment docketed at ECF Number 65 is **DENIED**; and it is further

**ORDERED** that the motions docketed at ECF Numbers 63, 62, 55, 54, 52, and 49 are **MOOT.**

                                        S_____
                                          **Curtis V. Gómez**
                                          **District Judge**